IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                        CRIMINAL NO. 3:08-cr-00013-HTW
                                              CIVIL ACTION NO. 3:09-cv-397-HTW-LRA

RAUL JIMENEZ

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On July 7, 2009, Defendant Raul Jimenez filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [ECF No. 37]. The United States of America filed its Response on September 15, 2009, asserting that Jimenez voluntarily waived his right to seek post-conviction relief under § 2255 as a condition of his guilty plea. Having carefully considered the applicable law on the matter, the undersigned agrees, and recommends that Jimenez's Motion to Vacate, Set Aside, or Correct Sentence be denied.

**FACTS AND PROCEDURAL HISTORY**

On January 13, 2008, United States Border Patrol agents observed Defendants Raul Jimenez and Tania Padilla driving a white passenger van eastbound on Interstate 20 in Jackson, Mississippi. A query of the van's license plate number found that the vehicle was registered to Paisanos Van Lines, LLC, of Houston, Texas. Because of the company's history of transporting illegal aliens, Border Patrol agents followed the van until it stopped at a local Pilot Travel Center. There, Border Patrol agents interviewed both Jimenez and Padilla, Cuban parolees to the United States. The conversation revealed that both Jimenez and Padilla were being paid by Paisanos Van Lines, LLC, to transport fifteen people— all illegal aliens— from Houston, Texas,

to Georgia, South Carolina, and North Carolina. A binder found inside the van, bearing the Paisanos Van Lines, LLC, logo, listed the names of the fifteen individuals, their destinations, and their fares. When questioned, the fifteen passengers admitted illegally entering the United States without inspection. Jimenez admitted to agents that he knew his passengers were illegally in the country [ECF No. 1]. Subsequently, on or about February 5, 2008, Defendants Raul Jimenez and Tania Padilla were indicted by a grand jury for transporting illegal aliens within the United States, an act criminalized by 8 U.S.C. § 1324(a)(1)(A)(ii).

A felony offense, § 1324 imposes criminal penalties on any person who:

(a)(1)(A)(ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;

This Court conducted a Change of Plea Hearing on April 4, 2008, and Jimenez pled guilty as to the indictment's single count of illegal transportation. As a condition of his plea, Jimenez signed a Memorandum of Understanding that waived his right to appeal his conviction and sentence, as well as the right to seek any post-conviction relief under § 2255 [ECF No. 41-2]. On August 22, 2008, Jimenez was sentenced to a 15-month term of imprisonment, followed by three-year term of supervised release. Subsequently, on July 7, 2009, Jimenez filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The record reflects that Jimenez has now completed serving this sentence, including the supervised release. By this Court's Order filed April 18, 2012 [ECF No. 44], Jimenez was discharged from his supervised release, and this case was closed.

In support of his Motion, Jimenez asserts that he was wrongly charged with an aggravated felony [ECF No. 42]. Citing "Immigration Law, § 71.04[6]," Jimenez claims that his offense is, instead, only a misdemeanor. At the time he signed the Memorandum of Understanding and pled guilty, the Defendant contends that he did not know his crime was an aggravated felony meriting deportation; "no one told him about the consequences that this erroneous charge will bring him." As such, he claims that his waiver of his right to seek post-conviction relief should be held invalid. In his Motion to Vacate, Jimenez asks this Court to "change the now existing felony to a misdemeanor" so that he might escape deportation.

In opposition, the United States maintains the validity of Jimenez's Memorandum of Understanding. Citing the Defendant's signature, as well as the affirmative statements of both Jimenez and his counsel, the United States asserts that Jimenez's waiver was both knowing and voluntary, precluding his ability to seek post-conviction relief.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may seek habeas corpus relief in specific circumstances. According to that provision:

> (a) A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Pursuant to § 2255, Jimenez challenges the validity of his sentence, claiming it was only a misdemeanor, and not an aggravated felony.

*A. Jimenez was not wrongly charged with an aggravated felony*

To rebut his aggravated felony charge and escape deportation, Jimenez cites "Immigration Law, § 71.04[6]," stating that:

> Special statutory provisions make any alien subject to removal who at or before any entry into the United States or within five years after any entry knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law. . . . It does not affect aliens who transported or harbored illegal entrants in the United States, unless they also aided in the unlawful entry.

Jimenez disclaims any responsibility for aiding in the illegal passengers' unlawful entry, thereby making his felony conviction unlawful; "[t]he charges of smuggling illegal aliens where [sic] erroneous." [ECF No. 38]. As a consequence, the Defendant asks this Court to enter the order he requests "by changing the sentence to less than a year, a mere misdemeanor." In support of his request, Jimenez misapplies the law.

Aiding and abetting an alien to enter the United States illegally is *not* a lesser included offense contained within a charge of transporting, or aiding and abetting the transportation of, aliens within the United States. *See U.S. v. Loya*, 807 F.2d 1483 (9th Cir. 1987). The offenses are separate crimes. While the first relates to illegal conduct associated with an alien entering the United States, the latter relates to conduct after the alien has already entered. *See U.S. v. Mussaleen*, 35 F.3d 692 (2d Cir. 1994). Simply because Jimenez did not aid in smuggling illegal aliens *into* the country does not, by extension, mean he should escape conviction for transporting those same individuals under §1324.

Moreover, 8 U.S.C. § 1101(a)(43)(N) plainly defines an "aggravated felony" under Title 8 as:

an offense described in paragraph **(1)(A) or (2) of section 1324(a)** of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter. (emphasis added)

This definition plainly encompasses the charge to which Jimenez pled guilty — 8 U.S.C. § 1324(a)(1)(A)(ii). His sentence was properly classified as an aggravated felony, and not imposed in violation of law. Accordingly, the undersigned finds that it was not error to charge Jimenez with an aggravated felony; Jimenez has not stated a cognizable constitutional violation under § 2255 to merit collateral relief vacating his sentence.

    *B. Jimenez knowingly and voluntarily waived his right to post-conviction relief.*

Jimenez argues that his waiver of post-conviction relief should be overturned because he was not advised that his guilty plea would subject him to deportation [ECF No. 42]. His claim is not supported by the record.

A knowing and voluntary waiver of the right to appeal is valid and enforceable. *United States v. Melancon*, 972 F.2d 566, 67-68 (5th Cir. 1992); *see also United States v. Portrillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Burns*, 433 F.3d 442, 445-46 (5th Cir. 2005); *United States v. Munoz*, 313 Fed. Appx. 710 (5th Cir. 2009) (citing *Melancon*, 972 F.2d at 567-68). In the instant case, both the Defendant and his counsel signed a Memorandum of Understanding. Paragraph 12(b) of the Memorandum of Understanding clearly states:

    **12.**    **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, *including the maximum possible penalty that could be imposed. . .* in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:

. . .

> b. the right to contest the conviction and sentence or the matter in which the sentence was imposed in any post-conviction proceeding, *including but not limited to a motion brought under Title 28, United States Code, Section 2255*. . . . (emphasis added).

The prosecutor explained with an interpreter this portion of the Memorandum aloud, in open court. When asked whether he understood what the prosecutor said, Jimenez responded affirmatively [ECF No. 41-2, pp. 17-18]. Jimenez's attorney told the Court that the plea agreement had been read to the Defendant, and the Defendant acknowledged that such a reading (and translation) had occurred [ECF No. 41-2].

Under 8 U.S.C.A. § 1227(a)(2)(A)(iii), "any alien who is convicted of an aggravated felony at any time after admission is deportable." Though Jimenez alleges that he was not apprised of this consequence of his guilty plea, his claim stands at odds with his previous testimony before the Court. When asked, before pleading guilty, whether he was satisfied with the amount of time his lawyer had spent with him and the advice he had received, Jimenez responded affirmatively. Tr. at 10. Further, Jimenez indicated his understanding that, should he execute the Memorandum of Understanding, he would not be entitled to allege any complaints about his attorney's performance at a later date. *Id.* Jimenez does not contend in his petition that his counsel was constitutionally ineffective.

Though the United States Supreme Court's recent decision in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), held that an attorney *does* provide ineffective assistance of counsel by failing to inform a client that a guilty plea carries a risk of deportation. However, the Fifth Circuit has expressly joined the Seventh and Tenth Circuits in holding that *Padilla* announced a "new" rule

of criminal procedure that remains inapplicable on collateral review pending further guidance from the Supreme Court. *United States v. Amer*, 681 F.3d 211 (5th Cir. 2012). Given that Jimenez's sentence was imposed before *Padilla*'s pronouncement, his claim is subject to the Fifth Circuit's prohibition against retroactive application.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Jimenez's motion to vacate his sentence be denied. He has failed to state a constitutional claim which would entitle him to relief from his conviction. A judgment of dismissal with prejudice should be entered, and the civil action 3:09cv397 should be closed.

The parties are hereby notified that the failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

This the 28th day of June 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE